## C. E. Osgood Company *vs.* William T. Way.

Suffolk.    March 15, 1899. — March 16, 1899.

Present: Holmes, Morton, Lathrop, Barker, & Hammond, JJ.

*Lease — Guaranty — Condition — Waiver.*

Even if, in a guaranty of payments on a lease, a stipulation for an assignment thereof is a condition concurrent with the guarantor's undertaking to pay, an action on the guaranty is not defeated by a finding that the condition was waived.

Contract, upon the following guaranty signed by the defendant: " I hereby guarantee that the payments on this lease shall be made in accordance with the terms herein specified, with the understanding if said Way has to pay this debt, the C. E. Osgood Company will assign their interest in said lease to said W. T. Way."

Trial in the Superior Court, without a jury, before *Fessenden,* J., who refused to rule, as the defendant requested, that the action was prematurely brought because the terms of the guaranty had not been complied with by the plaintiff, found for the plaintiff, and found specially that the defendant waived a tender of an assignment of the lease ; and the defendant alleged exceptions.

*J. W. Keith,* for the defendant.

No counsel appeared for the plaintiff.

Holmes, J.    We think it unnecessary to trouble the plaintiff for an argument in this case.    If the stipulation in the guaranty for an assignment of the lease is a condition concurrent with the defendant's undertaking to pay, the judge has found that the condition was waived.    The bill of exceptions especially states that it does not set forth all the evidence, so that if any ruling had been asked or exception saved as to that finding, we could not say that it was unwarranted.    But even on the evidence reported it appears that the defendant's refusal to keep his contract and to pay was of such a nature that the judge hardly could have helped finding that it imported a repudiation of the contract and was a refusal to go on, whether the plaintiff should offer to assign the lease or not.                                *Exceptions overruled.*